UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARL HUNTLEY<br>　　LA. DOC #104096<br>VS. | CIVIL ACTION NO. 6:13-2633<br><br>SECTION P<br><br>JUDGE HAIK |
| HOWARD PRINCE, WARDEN | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on September 3, 2013 by *pro se* petitioner Carl Huntley.[1]  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Petitioner attacks his 1983 second degree murder conviction entered in the Fifteenth Judicial District Court for Vermilion Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

---

[1] The undersigned has given petitioner the benefit of the "mailbox" rule.  Petitioner signed the original *habeas* petition which was submitted to this Court on September 3, 2013 and the envelope containing the petition is postmarked September 5, 2013.  Therefore, September 3, 2013 is the earliest date that petitioner could have handed the petition to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988);  *Spotsville v. Cain*, 149 F.3d 374 (5th Cir. 1998) adopting the rationale of *Houston v. Lack* for *habeas corpus* petitions.

## STATEMENT OF THE CASE

On November 18, 1983, petitioner was convicted of second degree murder in the Fifteenth Judicial District Court for Vermilion Parish, Louisiana following a trial by jury. He was thereafter sentenced to the mandatory term of life imprisonment.

On August 12, 1985, petitioner's conviction and sentence were affirmed on direct appeal by the Louisiana Third Circuit Court of Appeals. *State of Louisiana v. Carl Huntley*, 474 So.2d 42 (La. App. 3rd Cir. 1985). Petitioner did not seek further direct review in the Louisiana Supreme Court. Thus, petitioner's second degree murder conviction became final on September 12, 1985, thirty days after the judgment of the Court of Appeal when the period for seeking further direct review in the Louisiana Supreme Court expired. *See* La. Sup. Ct. Rule X, § 5(a).

Thereafter, petitioner filed an application for state post-conviction relief in the trial court, in which petitioner alleges that he raised ineffective assistance of counsel claims. Writs were ultimately denied by the Louisiana Supreme Court on November 30, 1992. *State v. Huntley,* 608 So.2d 189 (La.1992).

On October 13, 1994 petitioner filed a petition for federal writ of *habeas corpus* in this Court under docket number 6:94-2134. That petition was dismissed without prejudice by Judge Haik on February 23, 1995 due to petitioner's failure to exhaust state court remedies.

On January 17, 1997, petitioner filed a second petition for federal writ of *habeas corpus* in this Court under docket number 6:97-367.  That petition was also dismissed without prejudice by Judge Shaw on July 9, 1997 due to petitioner's failure to exhaust state court remedies on Motion to Dismiss filed by petitioner.

Petitioner then filed a second application for state post-conviction relief in the trial court in which he apparently asserted a claim of discrimination in the grand jury foreman selection process pursuant to the United States Supreme Court's April 21, 1998 decision in *Campbell v. Louisiana* 523 U.S. 392, 118 S.Ct. 1419 (1998). The Louisiana Third Circuit Court of Appeal denied petitioner's request for writs on August 31, 1999 finding the application was untimely.  The court explained that because  petitioner "is a black male . . . the case of *Campbell v. Louisiana* 523 U.S. 392, 118 S.Ct. 1419 (1998), provided no additional time or grounds for Relator to file for post-conviction relief." *State v. Carl Huntley*, 99-00935 (La. App. 3rd Cir. 1999), attached as Exhibit A.[2] Writs were ultimately denied by the Louisiana Supreme Court on April 7, 2000 without comment. *State ex rel. Carl Huntley v. State,* 759 So.2d 90 (La. 2000).

Thereafter, petitioner filed a third  application for state post-conviction relief in trial court, in which petitioner alleges that he again raised ineffective assistance of counsel claims. Petitioner sought writs in the Louisiana Third Circuit Court of Appeal on August 31, 2012 and the Third Circuit denied petitioner's request for writs on October 25, 2012 finding "no error in the trial court's ruling."   *State v. Carl Huntley*, KH 12-01012

---

[2] The writ reveals that the case was lodged in the Third Circuit on June 23, 1999.

(La. App. 3rd Cir. 2012), attached as Exhibit B. Writs were ultimately denied by the Louisiana Supreme Court on May 17, 2013 without comment. *State ex rel. Carl Huntley v. State,* 118 So.3d 1074 (La. 2013).

The instant petition was filed on September 3, 2013. Petitioner alleges that he received ineffective assistance of counsel because counsel failed to properly prepare for trial by obtaining a copy of the November 3, 1982 Scientific Analysis Report of the Crime Laboratory which petitioner alleges contains exculpatory information (a Caucasian limb hair removed from the victim's neck area).

## LAW AND ANALYSIS

### I. One-Year Limitation "Grace Period"

In light of the above procedural history, the instant petition is untimely. The Antiterrorism and Effective Death Penalty Act ("AEDPA") (1996) established a one-year time limit on applications for federal *habeas corpus* relief by a prisoner who is in custody pursuant to a state court judgment.[3] The limitation period runs from the latest of four possible dates, as follows:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] Because the instant petition was filed on September 3, 2013, this court must apply AEDPA and its corresponding timeliness provision herein. *Lindh v. Murphy*, 521 U.S. 321, 117 S.Ct. 2059 (1997). This Court may raise the one-year time bar *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Thus, the time during which a "properly filed application for state post-conviction relief" is pending in the state courts is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).  However, any lapse of time before the proper filing of an application for state post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467 *citing Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Thus, in order to determine whether a petitioner has filed a timely application, the court must measure one year from the most recent date provided by subsections (A) through (D).  Petitioner makes no claims in this petition that would implicate subsections (B) or (D).[4]

---

[4]Petitioner has not identified any state created impediment to the filing of this petition. Thus, subsection (B) is inapplicable. To the extent that petitioner asserts that he was prevented from timely filing his petition before the AEDPA statute of limitations ran because he was not provided with post-conviction counsel, petitioner's argument is foreclosed by both Fifth Circuit and Supreme Court jurisprudence. *Manning v. Epps,* 688 F.3d 177, 190 (5th Cir. 2012) *citing Lawrence v. Florida*, 549 U.S.

5

Because petitioner's conviction became final well before the effective date of AEDPA (April 24, 1996), under subsection (A), he is afforded one year from AEDPA's effective date to file his petition, that is, until April 24, 1997.[5] *State v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998). Thus, under subsection (A), in order to be timely, petitioner's federal *habeas* petition would have to have been filed by April 24, 1997. The instant petition was not filed until, at the earliest, September 3, 2013. Therefore it is untimely.

Furthermore, petitioner cannot rely on statutory tolling. Petitioner had no properly filed state post-conviction proceedings pending during the "grace period" from April 1996 though April 1997. Petitioner's first state post-conviction application was ultimately denied on November 30, 1992, and his second state post-conviction application based on

---

at 337 ("a state's effort to assist prisoners in post-conviction proceedings does not make the State accountable for a prisoner's delay.") and *Martinez v. Ryan*, ——U.S. ——, 132 S.Ct. 1309, 1315, 182 L.Ed.2d 272 (2012) (recognizing that there is no right to post-conviction counsel under the United States Constitution).

Moreover, it is clear that subsection (D) is inapplicable. Even if petitioner could point to newly discovered facts contained in the November 3, 1982 Scientific Analysis Report of the Crime Laboratory, in order to be eligible for tolling under § 2244(d)(1)(D), petitioner must demonstrate that he exercised due diligence to obtain these facts. This petitioner has not done. Petitioner's conviction became final in 1985, and the instant claim was not asserted until over 25 years later. Under these circumstances, the undersigned cannot find that petitioner has shown that the subject evidence could not have been discovered previously through petitioner's exercise of due diligence. *See Johnson v. Dretke*, 442 F.3d 901, 908 (5th Cir. 2006) (defining "due diligence"in the context of second and successive *habeas* petitions against an objective standard, and placing the burden to make the showing on the petitioner).

To the extent that petitioner's allegations may be construed as asserting an argument under subsection (C), based on the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), that argument is addressed below.

[5] Petitioner's conviction and sentence were affirmed by the Louisiana Third Circuit Court of Appeal on August 12, 1985. Thus, petitioner's second degree murder conviction became final on September 12, 1985, thirty days after the judgment of the Court of Appeal when the period for seeking further direct review in the Louisiana Supreme Court expired. *See* La. Sup. Ct. Rule X, § 5(a).

the United States Supreme Court's decision in *Campbell v. Louisiana* 523 U.S. 392, 118 S.Ct. 1419 (1998) could not have been filed prior to April 21, 1998, the date the decision was rendered. Moreover, while petitioner's second petition for federal *habeas corpus* relief was pending during the "grace" period, federal *habeas corpus* petitions do not toll the federal one year limitations period. *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120 (2001).

Accordingly, the instant petition is untimely unless it may be deemed filed pursuant to section 2244(d)(1)(C). That subsection provides that the one year limitation period runs from the date a Constitutional right is initially recognized and made retroactively applicable to cases on collateral review. Thus, § 2244(d)(1)(C) applies only if a new Constitutional right is initially recognized and that right is retroactively applicable to cases on collateral review.

*Martinez* did not "initially recognize" any new constitutional right for purposes of the one-year time limitation because *Martinez* made no substantive change in existing federal Constitutional law, but merely recognized a limited exception to existing precedent, the rule of *Coleman v. Thompson*, 501 U.S. 722 (1991), as an "equitable matter" and not a "constitutional" holding.[6] *United States v. Guillory,* 2013 WL 4782211,

---

[6]The *Martinez* Court explained the differences between a constitutional ruling and its equitable ruling as follows, specifically noting that because the decision was merely equitable, the ruling would not require the appointment of counsel in collateral proceedings, nor would the ruling impose a mandatory system for the appointment of counsel in every state:
> A constitutional ruling would provide defendants a freestanding constitutional claim to raise; it would require the appointment of counsel in initial-review collateral proceedings; it would impose the same system of appointing counsel in every State; and it would require a reversal in all state collateral cases on direct review from state courts if the States' system of appointing counsel did not conform to the constitutional rule. An equitable ruling, by contrast, permits States a variety of systems for appointing counsel

*7 (W.D. La. 2013) *citing Riverea v. United States,* 2012 WL 6553600, *1-2 (E.D. N.Y. 2012).

Further, to the extent that petitioner suggests that *Martinez* established a constitutionally guaranteed right to counsel during state post-conviction proceedings, that argument is without merit. This Court has previously held that *Martinez* cannot be read as having disturbed the long-standing rule that there is no right to counsel in collateral proceedings. *Guillory,* 2013 WL 4782211, *7 *citing Riverea,* 2012 WL 6553600 at *1-2 *citing Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further") (other citations omitted); *Manning v. Epps*, 688 F.3d 177, 190 (5th Cir. 2012) (citing *Martinez* and noting that "the Supreme Court has not recognized a right to post-conviction counsel under the United States Constitution"). Thus, *Martinez* did not establish any "new rule" of Constitutional law.

For these reasons, § 2244(d)(1)(C) is inapplicable.

---

in initial-review collateral proceedings. And it permits a State to elect between appointing counsel in initial-review collateral proceedings or not asserting a procedural default and raising a defense on the merits in federal habeas proceedings. In addition, state collateral cases on direct review from state courts are unaffected by the ruling in this case.

*Martinez*, 132 S.Ct. at 1319-1320.

**II. Equitable Tolling**

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). To establish his entitlement to equitable tolling, a petitioner must "sho[w] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) *quoting Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (internal quotation marks omitted); *see also Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) and *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). However, "equity is not intended for those who sleep on their rights." *Manning,* 688 F.3d at 183 *quoting Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir.2010) *quoting In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). Further, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not extraordinary, rare or so exceptional so as to provide a basis for equitable tolling. Moreover, the undersigned cannot find that petitioner exercised due diligence to discover the facts which allegedly underlie his claim for relief. Petitioner's conviction has been final for twenty-eight years and for a period of approximately twenty-five years this claim was never presented by

petitioner to any court for determination. Accordingly, equitable tolling is not available to petitioner.

In accordance with the foregoing analysis, the undersigned finds that petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d). Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing**.

Signed in Chambers, in Lafayette, Louisiana on December 13, 2013.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RTH
On: 12/13/2013
By: MBD